# MURRAY-NOLAN BERUTTI LLC
## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY, D. CO)

**Reply to: Ron@MNBlawfirm.com**

**Associate**
Rebecca R. Petersen (NJ)

**Senior Counsel**
Akash Kashyap (NJ, NY, DC)

**Of Counsel**
Elise Potenta (NJ)
Beth Chambers (CO)

May 30, 2025

**VIA ECF**
Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Episode 3 d/b/a Strivepath v. Advantage College Planning, et. al.
             Civil Action No. 1:25-cv-03745-PKC

Dear Judge Castel:

    This firm represents the defendants herein as local counsel. Please accept this as a pre-motion letter in keeping with Section 3A(iv) of Your Honor's Individual Practices in Civil Cases. The defendants intend to file a Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue.

    The plaintiff is a California entity and all defendants are domiciled in North Carolina. Pursuant to N.Y. C.P.L.R. § 301, "a defendant is subject to personal jurisdiction if she is domiciled in New York, served with process in New York, or continuously and systematically does business in New York." *Bonhac World Corp.*, 2023 WL 346950, at *3; see also *Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 494, 517–18 (S.D.N.Y. 2014) (acknowledging that the Due Process Clause limits New York courts' ability to exercise general jurisdiction to cases where the defendant is truly "at home" in New York). In the present matter, StrivePath has not alleged that any of Defendants are domiciled in New York, were served with process in New York, or continuously and systematically do business in New York. Indeed, StrivePath acknowledges that Defendants ACP and ACP Franchising are domiciled in North Carolina, not in New York. Compl. ¶¶ 4, 5.

    The only applicable subsection of New York's long-arm statute that could create specific jurisdiction is Civil Practice Law § 302(a)(1), which confers jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state." A defendant "transact[s] business" in the state if it has engaged in "purposeful activity—

136 Central Avenue, 2nd Floor, Clark, New Jersey 07066 (908) 588-2111
30 Wall Street, 8th Floor, New York 10005 (212) 575-8500
3860 Newland Street, Wheat Ridge, Colorado 80033
**(Please reply to NJ office)**

May 30, 2025<br>Page 2

some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 639 (2d Cir. 2023) (citation omitted). No allegations meeting such requirement have been pled. Even if StrivePath had sufficiently shown that Defendants transact business in New York, it has not alleged a sufficient nexus between the claims asserted and the alleged action in New York. *Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016).

"The legal standard for a motion to dismiss for improper venue is the same as a motion to dismiss for lack of personal jurisdiction." *Casville Invs., Ltd. v. Kates,* No. 12 Civ. 6968, 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). "When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." *Id*. "To meet this burden, the plaintiff must plead facts sufficient for a prima facie showing of jurisdiction or venue." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas*, LLC, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020) (citing Gulf Ins. Co., 417 F.3d at 355). Venue is proper in the chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the district is located; (2) a "substantial part" of the events giving rise to the claim occurred in the district; or (3) a defendant is subject to personal jurisdiction in the district and "there is no district in which an action may otherwise be brought." 28 *U.S.C.* § 1391(b). Here, StrivePath has failed to make a "prima facie showing" that the Southern District of New York is a proper venue for this action. *Fed. R. Civ. P.* 12(b)(3). *Nat'l Union Fire Ins. Co*., 509 F. Supp. 3d at 49. Plaintiffs cannot satisfy their burden of proof as to the propriety of venue. The Eastern District of North Carolina is the only appropriate jurisdiction.

Similarly, transfer of venue is appropriate under *forum non conveniens* grounds under *Olin Holdings LTD v. State of Libya,* 73 F.4th 92, 109 (2d Cir. 2023).

The defendants wish to file their motion within ten days of the Court permitting the filing of this motion. Plaintiffs should have fourteen days to respond with seven days provided for a reply.

We thank Your Honor for consideration of the above.

                                          Respectfully submitted,

                                          MURRAY-NOLAN BERUTTI LLC

                                          *Ronald A. Berutti*

By:   _____
                                          Ronald A. Berutti

RAB/ad

Cc:    Brian A. Bloom, Esq. (via ECF)
          Anthony J. Biller, Esq. (via email)