# GreenspoonMarder LLP

Brian A. Bloom, Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: 212.524.5000
Fax: 212.524.5050
Email: Brian.Bloom@gmlaw.com

June 5, 2025

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

> Re:    *Episode 3 d/b/a Strivepath v. Advantage College Planning, et al.*,
>         Civil Action No. 1:25-cv-03745-PKC

Dear Honorable Judge Castel:

Pursuant to Section 3.A.(iii)-(iv) of Your Honor's Individual Practices in Civil Cases, please accept this letter on behalf of Plaintiff Episode 3 d/b/a Strivepath ("**Plaintiff**") in response to Defendants Advantage College Planning, LLC ("**ACP**"), Advantage College Planning Franchising, Inc. ("**ACPF**"), Brooke Daly ("**Brooke**"), and Travis Daly ("**Travis**" and collectively "**Defendants**")'s pre-motion letter on a proposed motion to for lack of personal jurisdiction or, alternatively, to transfer venue (ECF No. 22). Plaintiff respectfully requests this Court deny Defendants' request to file their motion to dismiss, or, alternatively, grant Plaintiff leave to amend its complaint (the "**Complaint**" or "**Compl.**").

### This Court Has Personal Jurisdiction Over Defendants

Under New York Civil Practice Law and Rules ("CPLR") Rule 302(a)(1), a court may exercise personal jurisdiction over any non-domiciliary that transacts any business within the state or contracts anywhere to supply goods or services in the state. CPLR 302(a)(1). By Defendants' own admissions, a non-domiciliary defendant is nevertheless subject to specific jurisdiction in New York where such a defendant purposefully avails itself of the privilege of conducting activities within the forum state. *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)); *Viacom Intern., Inc. v. Melvin Simon Prods.,* 774 F.Supp. 858, 862 (S.D.N.Y.1991).

Plaintiff alleges that Defendants conducted business in the State of New York and advertised their business in the State of New York, including directing business to consumers in the State of New York. Compl. ¶11. Specifically, Plaintiff alleges that Defendants registered an infringing domain name which redirected unique visitors, including individuals in New York, to one of Defendants' own websites. Compl. ¶¶27, 29. This is sufficient to establish personal

jurisdiction. *See Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, No. 00 CIV. 1971 (AGS), 2000 WL 1290585, at *4 (S.D.N.Y. Sept. 13, 2000) (quoting *Nat'l Football League v. Miller*, No. 99 CIV. 11846 JSM, 2000 WL 335566, at *1 (S.D.N.Y. Mar. 30, 2000) ("[O]ne who uses a web site to make sales to customers in a distant state can thereby become subject to the jurisdiction of that state's courts."); *Thomas Pub. Co. v. Industrial Quick Search, Inc.*, 237 F. Supp. 2d 489, 492 (S.D.N. Y 2002) (concluding that defendant transacted business in New York through its "interactive website," which among other things permitted residents of New York to "communicate directly via its internet route back to [defendant]," thereby subjecting it to personal jurisdiction pursuant to CPLR § 302(a)(1)).

Furthermore, Defendants operate their business in at least five locations across the United States, including one "college planning center" located in Buffalo, New York. *See* https://www.advcp.com/locations. Upon information and belief, Defendants operated this Buffalo center in June 2024, at the time they purchased the infringing domain name. A court may exercise personal jurisdiction over a foreign corporation based on general business operations within the forum state. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 571 (2d Cir. 1996); *see also Peters Griffin Woodward, Inc. v. Roadrunner Television Ltd. P'ship*, 545 F. Supp. 288, 289-92 (S.D.N.Y. 1982)

### <u>Venue is Proper in this Judicial District</u>

A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)-(3).

Plaintiff's Complaint expressly alleges that a substantial part of the events giving rise to its claims arose in this District. Compl. ¶10. Additionally, as established, *supra*, the defendants are subject to this Court's personal jurisdiction, and so venue is likewise proper. 28 U.S.C. § 1391(b)(3).

Indeed, Plaintiff's expansion efforts into the New York, and specifically Manhattan, market, were affected by Defendants' infringing domain. Plaintiff's website and services are offered nationwide, with New York residents among the top three sources of traffic to its website. Plaintiff is in the process of hiring at least one New York-based employee and evaluating opening a New York location of its own.

Accordingly, Defendants' request to file a motion to dismiss should be denied and, in the alternative, Plaintiff should be granted leave to amend the pleadings.

Honorable P. Kevin Castel, U.S.D.J.
June 5, 2025
Page 3

We thank Your Honor for the considered attention to this matter.

Respectfully submitted,

**GREENSPOON MARDER LLP**

Brian A. Bloom

cc:    All Counsel (via ECF)