# ENVISAGE LAW

www.envisage.law
Tel: 984.344.9191
ajbiller@envisage.law

P.O. Box 30099
Raleigh, NC 27622

June 27, 2025

**VIA ECF**
Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:**   **Episode 3 d/b/a/ Strivepath v. Advantage College Planning, et al.**
> **Civil Action No. 1:25-cv-03745-PKC**

Dear Judge Castel:

This firm represents the Defendants herein. Please accept this as a pre-motion letter in keeping with Section 3A(iv) of Your Honor's Individual Practices in Civil Cases. The Defendants intend to file a Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer Venue.

## Procedural History

Plaintiff brought this action May 6, 2025. Defendants submitted a pre-motion letter to the Court May 30, 2025, expressing their intent to file a motion to dismiss, citing to the clear lack of personal jurisdiction over Defendants. Plaintiff responded to Defendants' pre-motion letter June 5, 2025, requesting the Court deny Defendants' request to file their motion to dismiss or alternatively grant Plaintiff leave to amend its complaint. On June 6, 2025, the Court entered an Order permitting Plaintiff to amend its complaint by June 19, 2025, and extending Defendants' time to answer or file a pre-motion letter to July 1, 2025. Plaintiff filed its Amended Complaint June 12, 2025. For the reasons articulated herein, Plaintiff's amendments to its Complaint do not remedy the lack of personal jurisdiction over all Defendants, nor the fact that this District is an improper venue for this action. Therefore, Defendants respectfully request that the Court permit Defendants to file their motion to dismiss.

## This Court Lacks Personal Jurisdiction Over Defendants

Plaintiff is a California entity and all Defendants are domiciled in North Carolina. The parties' business dealings had nothing to do with the State of New York. The only nexus to New York is where counsel for Plaintiff resides. Pursuant to *C.P.L.R.* § 301, "a defendant is subject to personal jurisdiction if she is domiciled in New York, served with process in New York, or continuously and systematically does business in New York." *Bonhac World Corp.*, 2023 WL 346950, at *3; see also *Int'l Diamond Imps., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 494, 517–18 (S.D.N.Y. 2014) (acknowledging that the Due Process Clause limits New York courts' ability to exercise general jurisdiction to cases where the defendant is truly "at home" in New

June 27, 2025
Page 2 of 4

York). In the present matter, StrivePath has not alleged that any of Defendants are domiciled in New York, were served with process in New York, or continuously and systematically do business in New York. Indeed, StrivePath acknowledges that Defendants ACP and ACP Franchising are domiciled in North Carolina, not in New York. Am. Compl. ¶¶ 4, 5. Likewise, StrivePath recognizes that Defendants Brooke Daly and Travis Daly reside in North Carolina. Am. Compl. ¶¶ 6, 7.

The only applicable subsection of New York's long-arm statute that could create specific jurisdiction is Civil Practice Law § 302(a)(1), which confers jurisdiction over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state." A defendant "transact[s] business" in the state if it has engaged in "purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 639 (2d Cir. 2023) (citation omitted). "A cause of action arises out of a defendant's transaction of business in New York for purposes of Section 302(a)(1) when there exists an articulable nexus or a substantial relationship between transactions occurring within the state and the cause of action sued upon." *Sunward Elecs., Inc.*, 362 F.3d at 23 (quoting *Kronisch v. United States*, 150 F.3d 112, 130 (2d Cir.1998)).

None of Defendants have ever maintained a business location in New York; that Defendant ACP Franchising previously had an independently owned and operated franchisee out of Buffalo, New York does not constitute "general business operations" sufficient for exercising personal jurisdiction. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 571 (2d Cir. 1996). Plaintiff's reliance upon the https://www.advcp.com/locations webpage is misleading. *See* Pl.'s Resp. to Defs.' Pre-Motion Letter at 2, (ECF No. 23).

Plaintiff relies upon the https://www.advcp.com/locations webpage as additional grounds for establishing personal jurisdiction, as it listed ACP Franchising's now-defunct Buffalo franchisee as a franchise location. *See* Pl.'s Resp. to Defs.' Pre-Motion Letter at 2, (ECF No. 23); Am. Compl. ¶ 11. This is a deactivated webpage that was not linked from or to Defendant ACP's website at any time relevant to the actions alleged in the Amended Complaint. The only way that the website could be accessed was if someone knew the URL and manually entered it in a web browser search bar. Accordingly, "without some evidence or allegation that commercial activity in th[e] state actually occurred," the mere availability of Defendant ACP's website to New York residents is insufficient to establish personal jurisdiction. *Savage Universal Corp. v. Grazier Const., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004). Even if StrivePath had sufficiently shown that Defendants transact business in New York, it has not alleged a sufficient nexus between the claims asserted and the alleged actions in New York. *Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016).

Similarly, § 302(a)(1) fails to establish personal jurisdiction over Defendants Brooke and Travis Daly in their individual capacities on a theory of agency. To establish that a corporation acted as its officers' agent,

> [a] [p]laintiff . . . need only convince the court that [the corporation] engaged in purposeful activities in this State in relation to [plaintiff's] transaction for the

June 27, 2025
Page 3 of 4

>benefit of and with the knowledge and consent of the [ ] defendants and that they exercised some control over [the corporation] in the matter.

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 199, 522 N.E.2d 40, 44 (1988). "[C]ontrol cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation," or "broadly worded and vague allegations about a defendant's participation in the specific matter at hand." *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998). In the present matter, StrivePath's general allegation that Defendants Brooke Daly and Travis Daly are and were agents of each of the other Defendants and were acting within the course and scope thereof, Am. Compl. ¶ 8, is far too vague to establish the control element and therefore, personal jurisdiction.

### Venue is Improper in this Judicial District

"The legal standard for a motion to dismiss for improper venue is the same as a motion to dismiss for lack of personal jurisdiction." *Casville Invs., Ltd. v. Kates,* No. 12 Civ. 6968, 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). "When a defendant challenges either the jurisdiction or venue of the court, the plaintiff bears the burden of showing that both are proper." *Id*. "To meet this burden, the plaintiff must plead facts sufficient for a prima facie showing of jurisdiction or venue." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas*, LLC, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020) (citing Gulf Ins. Co., 417 F.3d at 355). Venue is proper in the chosen forum if: (1) at least one defendant resides in the district and all the defendants reside in the same state in which the district is located; (2) a "substantial part" of the events giving rise to the claim occurred in the district; or (3) a defendant is subject to personal jurisdiction in the district and "there is no district in which an action may otherwise be brought." 28 *U.S.C.* § 1391(b).

Here, StrivePath has failed to make a "prima facie showing" that the Southern District of New York is a proper venue for this action. *Fed. R. Civ. P.* 12(b)(3). *Nat'l Union Fire Ins. Co.*, 509 F. Supp. 3d at 49. The fact that StrivePath's "expansion efforts into the New York, and specifically Manhattan, market, were affected by Defendants' [allegedly] infringing domain;" that New York residents are among the top three sources of traffic to its website; and that it is "in the process of hiring at least one New York-based employee and evaluating opening a New York location of its own" has no bearing on this analysis. Pl.'s Resp. to Defs.' Pre-Motion Letter at 2, ECF No. 23.  Plaintiffs cannot satisfy their burden of proof as to the propriety of venue. The Eastern District of North Carolina is the only appropriate jurisdiction.

### Even If Venue is Proper, Transfer is Appropriate Pursuant to *Forum Non Conveniens*

Similarly, transfer of venue is appropriate under *forum non conveniens* grounds under *Olin Holdings LTD v. State of Libya,* 73 F.4th 92, 109 (2d Cir. 2023). Defendants are North Carolina entities and individuals who will be unreasonably burdened by this matter being venued in this District. Moreover, there is no interest in New York determining the outcome of this litigation.

June 27, 2025
Page 4 of 4

       In summary, Plaintiff's amendments to its Complaint do not remedy the lack of personal jurisdiction over all Defendants, nor the fact that this District is an improper venue for this action. Accordingly, Defendants wish to file their motion within ten days of the Court permitting the filing of this motion. Plaintiffs should have fourteen days to respond with seven days provided for a reply.

       We thank Your Honor for consideration of the above.

Respectfully submitted,

ENVISAGE LAW

By:    */s/Anthony J. Biller*
      Anthony J. Biller


Cc:    Brian A. Bloom, Esq. (via ECF)
      Ronald A. Berutti, Esq. (via ECF)