# ENVISAGE LAW

www.envisage.law
Tel: 984.344.9191
ajbiller@envisage.law

P.O. Box 30099
Raleigh, NC 27622

July 3, 2025

**VIA ECF**
Honorable P. Kevin Castel, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Episode 3 d/b/a/ Strivepath v. Advantage College Planning, et al. Civil Action No. 1:25-cv-03745-PKC

Dear Judge Castel:

    This firm represents the Defendants herein. We write pursuant to Your Honor's May 7, 2025 Order (ECF No. 14), scheduling the Initial Pretrial Conference to be held on July 15, 2025 at 2:00 p.m. in Courtroom 11D, 500 Pearl Street, New York, N.Y. and directing submission of a Case Management Plan immediately prior thereto. Please accept this as both a request for adjournment of the Conference and a pre-motion letter, for the Defendants intend to file a Motion to Stay Discovery.

**Request for Adjournment of the Conference**

    Defendants pray the court adjourn, or alternatively conduct via video or telephone, the Initial Pretrial Conference pending the outcome of Defendants' requested motion to dismiss Plaintiff's Amended Complaint. (*See* ECF No. 29). On June 27, Defendants filed a pre-motion letter to Your Honor with respect to their anticipated Rule 12(b)(2), 12(b)(3), and/or on grounds of *forum non conveniens* motion to dismiss Plaintiff's Amended Complaint. (ECF No. 29). Given the threshold issues about where this case should be litigated, conducting the Conference as tentatively scheduled would waste the parties' and the Court's resources. Moreover, given that principal trial counsel for Defendants is located in the State of North Carolina, participating in the Conference as tentatively scheduled would place an undue burden and expense on Defendants.

    Defendants have not previously sought adjournment of the Conference; this is their first request. Defendants sought Plaintiff's consent to adjourn the Conference via email sent to counsel for Plaintiff on July 2, 2025, which Plaintiff declined the same day, stating "discovery

will be the same no matter where it takes place. We are not going to defer discovery and are ready to proceed." In response, counsel for Defendants sought Plaintiff's consent to conduct the Conference remotely, via Zoom. Counsel for Plaintiff declined to consent, providing no reason.

**Motion to Stay Discovery**

Defendants also request that the Court not set a discovery schedule at this time and that all discovery should be stayed pending the outcome of Defendants' forthcoming motion to dismiss Plaintiff's Amended Complaint. (*See* ECF No. 29).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation and alterations omitted). In deciding whether to stay discovery pending the resolution of a dispositive motion, "Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Id.* (citation omitted).

First, while discovery has not yet commenced, Defendants anticipate Plaintiff will likely seek burdensome discovery. This is a small case, undeserving of federal litigation. Defendant, a small company, attempted to assign the disputed domain weeks ago. Plaintiff has not responded to the transfer or accepted the domain from Defendants. Responding to discovery requests and potentially engaging in motion practice about the appropriate scope of discovery would impose a significant burden on Defendants, which would be entirely avoided if Defendants' motion is granted.

With respect to the second factor, Plaintiff will not be unfairly prejudiced by a stay. None of the allegations in the Complaint suggest that Plaintiff's claims are inherently time sensitive. Plaintiff's claims are based upon allegations as to what allegedly occurred starting over a year ago and which complained of conduct has ceased. In other words, Plaintiff does not allege that it is suffering an ongoing injury.

As to the third factor, as discussed above, we filed a pre-motion letter to Your Honor with respect to our anticipated Rule 12(b)(2), 12(b)(3), and/or on grounds of *forum non conveniens* motion to dismiss Plaintiff's Amended Complaint. (ECF No. 29). As explained therein, Plaintiff's complaint should be dismissed in its entirety. Plaintiff is a California entity, and all Defendants are domiciled in North Carolina. Am. Compl. ¶¶ 3-7. The parties' business dealings had nothing to do with the State of New York. Plaintiff's key jurisdictional allegation is the fact that an inactive and delinked https://www.advcp.com/locations webpage listed ACP

Franchising's now-defunct Buffalo franchisee as a franchise location. *See* Defs.' Pre-Motion Letter at 2, (ECF No. 29); Am. Compl. ¶ 11. The mere availability of Defendant ACP's website to New York residents is insufficient to establish personal jurisdiction and none of the remaining jurisdictional allegations, alone or together, are even close to sufficient to establish jurisdiction.

Accordingly, as in other cases presenting similar circumstances, a stay of discovery pending resolution of Defendants' anticipated motion to dismiss is appropriate here. *See, e.g.*, *Lu v. Cheer Holding, Inc.*, No. 24 CIV. 459 (RA) (GS), 2024 WL 1718821, at *4 (S.D.N.Y. Apr. 19, 2024) (staying discovery pending resolution of defendant's motion to dismiss based on lack of personal jurisdiction and/or on grounds of *forum non conveniens*); *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *3-4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending resolution of defendant's motion to dismiss based on lack of personal jurisdiction where motion was "potentially dispositive" and "appears to be not unfounded in the law"); *Ruilova v. 443 Lexington Ave, Inc.*, No. 19 Civ. 5205 (AJN), 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (granting discovery stay as to those Defendants who moved to dismiss for lack of personal jurisdiction).

For the reasons described above, Defendants respectfully request that the Court adjourn, or alternatively conduct the Initial Pretrial Conference via video or telephone, as well as stay discovery pending resolution of my client's anticipated motion to dismiss.

We thank Your Honor for consideration of the above.

        Respectfully submitted,

        ENVISAGE LAW

        By:    /s/Anthony J. Biller
                 Anthony J. Biller

Cc:    Brian A. Bloom, Esq. (via ECF)
        Ronald A. Berutti, Esq. (via ECF)