<u>VIA ECF</u>

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

> **Re:** ***Episode 3 d/b/a Strivepath v. Advantage College Planning, et al.*,**
> <u>Civil Action No. 1:25-cv-03745-PKC</u>

Dear Honorable Judge Castel:

On behalf of all parties in the above-referenced action, we submit this joint status letter pursuant to Your Honor's May 7, 2025, Initial Pretrial Conference Order (the "Order," ECF No. 14).

### Brief Description of the Case:

#### Plaintiff's Statement:

Plaintiff is the owner of all rights in the trademark STRIVEPATH, commenced use of the mark on June 12, 2024, and has used the mark in continuous use in connection with academic and college counseling services. Defendants provide identical services under the ADVANTAGE COLLEGE PLANNING mark and formerly had a franchise agreement with Plaintiff until June 2024. Defendants registered the domain name <strivepath.com> and caused the domain to redirect to one of Defendants' own websites, in an apparent effort to deprive Plaintiff of the domain name and prospective business.

Accordingly, Plaintiff brings this action against Defendants for six causes of action: (1) trademark infringement pursuant to 15 U.S.C. § 1125(a); (2) false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a); (3) cybersquatting pursuant to 15 U.S.C. § 1125(d); (4) unfair competition under common law; (5) intentional use of a name to mislead the public pursuant to N.Y. Gen. Bus. Law § 133; and (6) injury to business reputation and dilution pursuant to N.Y. Gen. Bus. Law § 360-L.

#### Defendants' Statement:

Plaintiff, located in California, is a former California franchisee of Advantage College Planning Franchising, Inc. ("ACPF"). ACPFI and Plaintiff's relationship was disastrous, as Plaintiff was highly contentious and demanding from the inception of the relationship, which led to ongoing disputes between the parties. As the relationship worsened a member of ACPF registered the strivepath.com domain out of frustration regarding how Plaintiff was treating ACPF. Advantage College Planning, LLC was unaware of the registration. When thereafter Plaintiff complained, the ACPF member initiated transfer of the domain to Plaintiff. Advantage College Planning, LLC derived no benefit from the disputed domain name. The disputed domain has been

Honorable P. Kevin Castel, U.S.D.J.
July 8, 2025
Page 2

released to Plaintiff, but as of this date, Plaintiff has not yet accepted it. Defendants have no business dealings in or directed to the Southern District of New York nor to the State of New York.

### Contemplated Motions:

### Plaintiff's Statement:

On June 27, 2025, Defendants filed a pre-motion letter pursuant to Section 3A(iv) of Your Honor's Individual Practices in Civil Cases seeking to file a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue (ECF No. 29). Plaintiff opposes Defendants' motion to dismiss, as detailed in its first letter in opposition, dated June 5, 2025 (ECF No. 23).

Your Honor granted Plaintiff leave to amend its complaint, and Plaintiff filed a First Amended Complaint was filed on June 12, 2025 (ECF No. 26).  Defendants filed a further pre-motion letter (seeking the same relief) on June 27, 2025 (ECF. No. 29).  Plaintiff opposes Defendants' continued efforts to dismiss the Complaint, and this position will be further addressed in its response to the second pre-motion letter due tomorrow, July 9, 2025.

On July 3, 2025, Plaintiff's counsel served Defendants' counsel with a letter notice of their intention to prepare and serve a Fed. R. Civ. P. Rule 11 motion (and if necessary following the applicable safe harbor time, file the same) if Defendants did not withdraw their pre-motion letter. Plaintiff expressly reserves the right to make any additional motions or other applications as appropriate and/or necessary as the action proceeds.

### Defendants' Statement:

At best, this a dispute with no commercial value and no potential for injunctive relief as the domain name registrant has attempted to assign the strivepath.com domain to Plaintiff. As previously expressed to this Court, there is no basis for the Court to assert jurisdiction over the persons of Defendants and the requirements for suitable venue have not been met. ACPF had a franchisee in Buffalo, New York, but that relationship terminated in 2024, has nothing whatsoever to do with the facts sub judice, and had no relationship to the Southern District of New York. Defendants have requested leave to file motions to dismiss for lack of personal jurisdiction, improper venue and forum non conveniens. The only nexus to this district is Plaintiff's attorney's law office. Defendants have also requested a stay of discovery pending resolution of these jurisdictional disputes.

### Prospect of Settlement:

### Plaintiff's Statement

At this stage, Plaintiff does not anticipate resolution of this action prior to the parties' exchange of discovery.

Honorable P. Kevin Castel, U.S.D.J.
July 8, 2025
Page 3

**Defendants' Statement:**

Defendant has attempted to settle the matter, and those efforts continue.

We thank Your Honor for the considered attention to this matter.

Respectfully submitted,

**GREENSPOON MARDER LLP**
*Attorneys for Plaintiff*

Brian A. Bloom

**ENVISAGE LAW**
*Attorneys for Defendants*

/s/ *Anthony J. Biller*

Anthony J. Biller