**GreenspoonMarder** LLP

Brian A. Bloom, Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: 212.524.5000
Fax: 212.524.5050
Email: Brian.Bloom@gmlaw.com

July 9, 2025

**VIA ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

      Re:    *Episode 3 d/b/a Strivepath v. Advantage College Planning, et al.*,
             **Civil Action No. 1:25-cv-03745-PKC**

Dear Honorable Judge Castel:

      Pursuant to Section 3.A.(iii) of Your Honor's Individual Practices in Civil Cases, please accept this letter on behalf of Plaintiff Episode 3 d/b/a Strivepath ("**Plaintiff**") in response to Defendants Advantage College Planning, LLC ("ACP"), Advantage College Planning Franchising, Inc. ("**ACPF**"), Brooke Daly ("**Brooke**"), and Travis Daly ("**Travis**" and collectively "**Defendants**")'s letters, (i) dated June 27, 2025, requesting leave to file a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue (ECF No. 29) and (ii) dated July 3, 2025 requesting an adjournment of the Initial Pretrial Conference, which also served as a pre-motion letter on a proposed motion to stay discovery (ECF No. 30)[1].

      **This Court Has Personal Jurisdiction Over Defendants**

      In the Amended Complaint, Plaintiff alleges that Defendants conducted business in the State of New York and advertised their business in the State of New York, including directing business to consumers in the State of New York. Amended Complaint ("Am. Compl.") at ¶¶ 9-14. Plaintiff alleges that Defendants registered an infringing domain name which redirected visitors, including individuals in New York, to one of Defendants' own websites. Am. Compl. ¶¶ 33, 35. This is sufficient to establish personal jurisdiction. *See Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc.*, No. 00 CIV. 1971 (AGS), 2000 WL 1290585 at *4 (S.D.N.U. Sept. 13, 2000).

---

[1]     Respectfully, the Court decided Defendants' letter motion for an adjournment of the Initial Pretrial Conference, which it denied, and for a stay of discovery, which it granted prior to Plaintiff's response (ECF No. 33), despite the fact that Plaintiff's response is filed within four (4) business days of Defendants' letter motion pursuant to Section 3.A.(iii) of Your Honor's Individual Practices in Civil Cases.

Defendants' assertion that "[n]one of Defendants have ever maintained a business location in New York" is patently false. As addressed in Plaintiff's previous response to Defendants' first pre-motion letter, Defendants operate their business in several states, including one "college planning center" located in Buffalo, New York (ECF No. 23). Defendants altered their website *after* Plaintiff identified Defendants' business location in Buffalo, New York, in an effort to erase this jurisdictional basis from existence. References to that location were deleted after Plaintiff filed its response to Defendants' first pre-motion letter (ECF No. 23), and now that very deletion is being distorted by Defendants to support a renewed request to file a motion to dismiss. The fact that the business location is "an independently owned and operated franchisee" does not destroy personal jurisdiction; Plaintiff does not allege personal jurisdiction over Defendants solely based on Defendants' franchise location in New York, but that Defendants engaged in significant purposeful activities in New York. *See Am./Int'l 1994 Venture v. Mau*, 146 A.D.3d 40, 52 (2d Dept 2016).

### Venue is Proper in This District

A civil action may be brought in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b)(3). As established, *supra*, the defendants are subject to this Court's personal jurisdiction, and so the venue is likewise proper. *Id*.

### Transfer of Venue is Not Appropriate Under the Doctrine of *Forum Non Conveniens*

*Forum non conveniens* is "a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." *Carey v. Bayerische Hypo–Und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004). A plaintiff generally enjoys "a strong presumption in favor of [its] choice of forum," and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 561 (S.D.N.Y. 2018) (quoting *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005)) (finding plaintiff's choice of forum deserved substantial deference because the action had a bona fide connection to the forum).

Plaintiff's selection of the Southern District of New York does not confer a litigation advantage on either party – Plaintiff is a California entity and Defendants are domiciled in North Carolina, which Defendants themselves call attention to. This action implicates wrongful activities that occurred in New York and at least some of the evidence and witnesses will likely be available in New York.

### There is No Compelling Basis to Stay Discovery

Defendants are correct in their assessment of the factors that are considered, namely the breadth of discovery, the burden of responding to said discovery, prejudice to the opposing party, and the strength of the underlying motion. *Republic of Turkey v. Christie's Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). However, Defendants utterly misapprehend the factor regarding the strength of the underlying motion that forms the basis of the stay. For a motion to stay discovery

to succeed, the underlying motion must have "substantial grounds." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (*citing Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y.1991). Currently, there *is no underlying motion*. Defendants have requested leave to file a motion, but the Court has not granted leave, and a non-existent motion cannot have *any* strength. Defendants' contemplated motion is not even substantive and seeks dismissal on purely jurisdictional grounds. Even if the Court grants Defendants leave to file their motion and grants that motion, the dismissal will not be on the merits. Defendants *will* have to engage in discovery, regardless of the District Court identified in the header of Plaintiff's discovery demands. This is simply another attempt to delay litigation.

Discovery has not yet begun, but Defendants appear to already be taking the untenable position that *any* discovery would be overly broad and constitute an undue burden on them. Frankly, this defies logic. While Plaintiff reserves its rights to engage in all lawful and appropriate discovery, it does not anticipate discovery in this action to be particularly voluminous. Defendants also take an odd position that a case that alleges serious violations of *federal law* is ill-suited to federal court. It should not need to be said that federal court is precisely the correct venue to seek redress for violations of federal laws. Furthermore, while Defendants' attempt to surrender the subject domain to Plaintiff without disclaimer or release is an intensely helpful admission of wrongdoing on the part of Defendants, it does not somehow vitiate their unlawful conduct, nor does it make Plaintiff whole for the damage done to its business. In essence, Defendants are arguing that they could steal an automobile, ride it around for a few months, and then return it with no negative repercussions. The very assertion is patently absurd.

Bad faith is an element of Plaintiff's claims and an important factor when considering enhanced or extraordinary damages for some of those claims. As a result, staying discovery would unfairly prejudice Plaintiff in its efforts to obtain evidence of Defendants' alleged bad faith. A stay of discovery would permit Defendants additional time to destroy, distort, or otherwise spoliate additional evidence in an effort to frustrate Plaintiff's attempt to exercise and protect its valid and valuable intellectual property rights.

### There is No Compelling Basis to Adjourn the Initial Pretrial Conference

Defendants have requested an adjournment of the Initial Pretrial Conference currently scheduled for July 15, 2025. In requesting the adjournment, Defendants claim that there are unresolved "threshold issues about where this case should be litigated," and assert that appearing at the Conference would place "an undue burden and expense on Defendants."

Plaintiff asserts that these are insufficient grounds to adjourn the Conference, particularly only six business days before the Conference is scheduled. Furthermore, there are no articulable "threshold issues" that must be determined at this time. While Defendants have twice requested leave to file a motion to dismiss the Complaint, this Court has *not yet granted their request*. Defendants act as though filing this motion is a foregone conclusion, rather than at the discretion of the Court. Additionally, if mere appearance at a standard conference is "an undue burden and expense on Defendants," then the stage is set for objections to even the most benign discovery demands in the future.

Honorable P. Kevin Castel, U.S.D.J.
July 9, 2025
Page 4

      Accordingly, Defendants' requests to file a motion to dismiss, to file a motion to stay discovery, and to adjourn the Initial Pretrial Conference should be denied.

      We thank Your Honor for the considered attention to this matter.

                                            Respectfully submitted,

                                            **GREENSPOON MARDER LLP**

                                            Brian A. Bloom

cc:    All Counsel (via ECF)